# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50497 | **DATE** | 5/6/2003 |
| **CASE TITLE** | RIORDAN vs. CITY OF SOUTH BELOIT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, the City's motion to dismiss is granted. The case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | MAY - 7 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 2003 MAY -6 PM 4:18 | 5-7-03 | |
| | | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Kevin Riordan, has filed a single-count amended complaint under 42 U.S.C. § 1983 against defendant, the City of South Beloit ("City"), for allegedly violating his right to procedural due process in violation of the Fourteenth Amendment. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is the City's motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The following facts are taken from Riordan's amended complaint and are assumed true for purposes of ruling on the City's motion to dismiss. Up until his discharge, Riordan worked as a patrolman for the City's police department. On January 5, 2001, police chief Richard King suspended Riordan with pay pending an investigation into a citizen complaint made against Riordan. About a week later, the Commissioner of Public Safety, Maurice Kehoe, suspended Riordan without pay and without giving him notice or an opportunity to be heard; about a week after that he recommended to the City Council that Riordan be fired. Then on February 23, 2001, after a disciplinary hearing took place, Riordan received notice of the City's decision to terminate him.

In its motion to dismiss, the City argues Riordan did not have a protected property interest in continued employment as a City police officer because he was an at-will employee under Illinois law. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Lalvani v. Cook County, 269 F.3d 785, 791 (7th Cir. 2001) (in public employment context, first step in procedural due process claim is deciding if plaintiff has protected property interest in his position); Ulichny v. Merton Cmty. Sch. Dist., 249 F.3d 686, 700 (7th Cir. 2001) (determination of whether public employee has protected property interest in continued employment is made with reference to state statutes, state or municipal regulations or ordinances, and contracts with public entities). This argument begins with the premise that because the City's population is less than 5000 and it has not adopted either a civil service commission or a fire and police commission, see 65 ILL. COMP. STAT. 5/10-1-43, 5/10-2.1-1, 5/10-2.1-27, its power to discharge municipal employees is derived from Illinois' statute on "The Commission Form of Municipal Government," see 65 ILL. COMP. STAT. 5/4-1-1 et seq. (Although Riordan does not allege any of this in his complaint, he also does not dispute any of it. As these facts are all matters of public record, the court finds it can properly take judicial notice of them without converting the City's motion into one for summary judgment.) And under this last statute, the commissioner in charge of the fire and police departments may discharge the officers and employees under his control "when in his judgment the efficient conduct of municipal affairs so demands." Id. § 5/4-5-6. Because this is classic "employment at will" language, it would seem straightforward that Riordan had no protected property interest in his position as a police officer. See, e.g., Moulton v. Vigo County, 150 F.3d 801, 805 (7th Cir. 1998); Campbell v. City of Champaign, 940 F.2d 1111, 1112 (7th Cir. 1991).

Tacitly conceding the legal import of § 5/4-5-6, Riordan instead pins his hopes on (1) a City ordinance that says a City police officer "may be removed by the city council for neglect of duty upon the recommendation of the commissioner of public health and safety" and (2) a portion of the City's "Rules, Regulations, Policies, and Procedures Manual" that states police officers who are disciplined "have the grievance procedure or the Police and Fire Commissioner Committee as legal methods of redress where applicable." In the court's opinion, neither of these gets Riordan very far. Taking up number two first, Riordan argues the language just quoted from the manual created an "express contract" for employment because it "set out explicit disciplinary procedures that he accepted and continued to work under." This is wholly without merit. Putting aside the issue of whether the manual is sufficient under Illinois law to create an enforceable employment contract — an issue that is not only highly dubious, see, e.g., Border v. City of Crystal Lake, 75 F.3d 270, 275-76 (7th Cir. 1996); Duldalao v. Saint Mary of Nazareth Hosp. Ctr., 505 N.E. 2d 314 (1987), but one that Riordan skims over in the most conclusory manner — the fact that an employee is entitled to various procedural protections does not by itself establish that he has a protected property right in his job. See Moulton, 150 F.3d at 805.

As for the municipal ordinance, the City assumes *arguendo* the language relied on by Riordan — that the Commissioner can recommend an officer's termination only for "neglect of duty" — is sufficient to create a protected property interest, but essentially confesses to acting ultra vires when it enacted the ordinance. That is, because the City is a non-home rule municipality with only those powers granted to it by law, and because state law (§ 5/4-5-6) places discretion to discharge a City police officer solely in the hands of the Commissioner of Public Health and Safety, the City claims it had no authority to enact an ordinance giving that power to the City Council. In response, Riordan claims § 5/4-5-6 and the ordinance are compatible because the statute merely says the Commissioner "may" discharge employees under his control. According to Riordan, this is significant because it means the Commissioner can delegate his authority to discharge police officers to someone else, such as the City Council, which can then "legislate an alternative procedure" to terminate those officers. Thus, when the Commissioner wants to fire a police officer, Riordan believes he has two choices: (1) he can simply terminate the officer on his own as is his right under § 5/4-5-6 or (2) he can recommend the officer's termination to the City Council under the ordinance. And because the Commissioner chose to use the ordinance when terminating Riordan, that meant his termination could only be for "neglect of duty," which, Riordan argues, means he had a protected property interest in his job.

Without deciding whether the City ordinance conflicts with § 5/4-5-6 or Riordan's rather tortured reading of that statute saves the ordinance, the court finds Riordan's argument is self-defeating. As summarized above, Riordan acknowledges the Commissioner retains sole and absolute discretion to terminate a City police officer under § 5/4-5-6, regardless of the reason, should he chose to exercise it. What's more, implicit in Riordan's theory is the premise that the Commissioner need not ever resort to the ordinance (for requiring him to do so under any circumstance would indeed encroach upon his statutorily-conferred discretion and this is a point that is critical to showing the ordinance and statute are compatible). But if that is the case, then what possible difference can the ordinance make in deciding whether a City police officer has a protected property right in his job? If the Commissioner can simply ignore the ordinance altogether and is free to discharge a police officer on his own under § 5/4-5-6, no matter the reason, then the officer is, by definition, an at-will employee and could not have a "legitimate claim of entitlement" to his job. Thus, the mere fact that the Commissioner chose to invoke the ordinance in Riordan's case does nothing to prove, *a priori*, that Riordan had a protected property interest in his position as a patrolman.

For the reasons stated above, the City's motion to dismiss is granted. This case is hereby dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Kevin - Riordan

v.

City of South Beloit, Illinois

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50497

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the City's motion to dismiss is granted. The case is hereby dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 5/6/2003

Susan M. Wessman, Deputy Clerk